*300 The opinion of the Court was delivered by
O’Neall, J.
In this case the single question is, whether the actual obstruction of á right of way, as inclosing a road within a field, and cultivating the ground over which it once ran, for ten years, before suit brought, does not defeat the plaintiff’s claim for its allowance and for damages ?
That it does I was clear on the circuit, and still remain so.
In deciding it, there is no necessity to refer to foreign rules and adjudications. We have enough, at home, for its disposition.
The Act of limitations (1712; P. L. 101; 2 Stat. 583) in its very words, covers the case, and will shut out the plaintiff’s right to recover for an easement, exactly as it would the land itself. Let it be remembered, before we read the Act, that a right of way is a hereditament, incorporeal as to the right, but yet capable of possession, in the real thing which it confers, and arising most generally from possession.
In the first section it is declared, that a possession of seven years last past, of lands, tenements and hereditaments, shall be a good title to the same. Is not this provision just as effectual as a grant or conveyance ? Indeed, it operates as such. What would hinder such a possession of a way for seven years before the Act, from granting a right, or releasing it, as the case might be?
The 2d section provides, “ if any person in whom any right or title to lands, tenements or hereditaments, shall descend or come, does not prosecute the same within five years (now ten) after such right or title accrued, then he, and all claiming under him, shall be forever barred to recover the same.”
Observe that the words are, any right to'“a hereditament” will be barred, as well as title to lands, by ten years non-assertion of a claim against the occupant. What hinders those words from defeating a right to a hereditament, when there is an actual adverse possession of the hereditament itself? I confess I think it is only necessary to give the words their plain, obvious *301 meaning, instead of undertaking to hedge them round with technicalities utterly unsuited to us.
The great difficulty is supposed to be in barring an intangible right. But is not title to land equally intangible ? There is, we well know, no difficulty in barring the title by the possession of the land. Is there any more difficulty in barring the right to the hereditament by the possession? It seems to me not.
But suppose it be necessary that the hereditament should be released to the owner of the soil to defeat the right. I hold that ten years adverse possession of land is a conveyance of the fee resting in the owner thus barred, and that ten years adverse possession of an easement, (a way,) by the owner of the soil, operates as a release to him of the right. In Wagner vs. Aitón, Rice 105, Brown was the grantee under whom the plaintiffs claimed; they could not connect themselves by conveyances with him : but they proved ten years adverse possession, under color of title in their ancestor. It was said by the Judge, who tried the cause, in his charge to the jury, that “ the true view of the case was to regard Wagner as having entered under Carter’s and Westbury’s conveyances, who, for aught that certainly appeared, might be strangers to Brown; but who had undertaken to convey his title, and under a title so derived, if he had an actual adverse possession of a part of the grant for more than five years before 1812, this was equivalent to the most perfect conveyance of the Brown grant to him, against all persons, not laboring under some disability.” By the second ground of appeal, this ruling was drawn directly in question. The Court of Appeals unanimously sanctioned it. In Williams vs. McAliley, Cheves, 200, the same ruling was made to carry to Lacy the oldest grant to Lowndes, and which was necessary to entitle the plaintiffs to recover. It was neither questioned by the appeal nor by the Court. On authority, therefore, I suppose I might say the point was settled. But test it by reason, the same result must follow. A. is in the possession under color of title of the land of B. for the statutory period. B. cannot recover it against him, or any body else. Why ? His title is gone, *302 is the answer. Where is it ? It must be in the possessor. For there is no other person who can have the right of possessing and enjoying the land. Again; land is granted to B. : C., a stranger to him, comes into the actual possession under a conveyance from D., holds possession for more than ten years, and then E. intrudes on him, and he brings trespass to try title. Does not every lawyer know that the grant to B., D.’s conveyance to C., and ten years possession in him, give, so far as title is concerned, a right to recover ? That being so, must he not, by his possession, acquire, in legal contemplation, the title of B.? Can there be any better conveyance ?
If.land thus passes by possession from one person to another, can; there be any reason why a thing issuing out of it should not, in like manner, pass? The owner of the soil, by prescription, which is but another name for adverse possession held for twenty years of an easement, is supposed to grant a way. If that be so, the person entitled to the easement has title. Cannot the owner of the soil revest that title in himself by a possession which would give him the land itself, if it was in another? I confess that it seems to me to be plain, that that which would convey the greater, must necessarily convey the less.
It must be noted here that this is not the extinction of a way by non-user : there, it may be, it would require the same time to destroy, that it did to create. That may sustain Parkins vs. Dunham, 3 Strob. 224. This case, however, steers clear of that. For there was in it no actual occupation of the easement for ten years.
In Cuthhert vs. Lawton, 3 McC. 194, which was an action for obstructing a private way, Judge Waties, who was nearly coeval with the administration of law in this State, and who had as certain and perfect knowledge of our law, as any Judge who ever graced our Courts, speaking of the accrual of the right and its defeat, said, “ but after twenty years of uninterrupted use, it could only be defeated by an adverse and continued obstruction for five years.” This expression applied to the statutory period *303 existing at the time of obstruction, and which was afterwards extended to ten years. He speaks of it, as an acknowledged legal truism, requiring no reasoning to give it effect. In Judge Evans’s treatise on the road law, p. 70, § 22, he cites this remark of Judge Waties, and intimates a similar opinion. These dicta and intimations are in accordance with my long entertained opinion, and coincide with my previous reasoning.
.1 am hence satisfied that the decision below was correct. The motion is dismissed.
Frost, Withers, Whitner and Glover, JJ., concurred.